UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| TOBIAS R. REID, | ) | CASE NO. 1:10 CV2842 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JAMES HOOD, *et. al.* | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is *pro se* plaintiff Tobias R. Reid's Motion for a Preliminary Injunction/Temporary Restraining Order (TRO)[Dkt.# 6] filed against the City of Cleveland Heights Police Department ("CHPD"), CHPD Officer James Hood, and Prosecutor Kim Segerbarth.[1] Dr. Reid filed a complaint on December 16, 2010 under 42 U.S.C. § 1983 and 42 U.S.C. § 2000e seeking damages, in part, from the defendants for their alleged unconstitutional use of force during his arrest. He seeks a "restraining order" against the defendants.[2]

Consistent with the rules of federal practice, the Court will rely on the facts set forth

---

[1] On January 26, 2010, this Court granted Dr. Reid's Motion for Leave to Amend his Complaint to add the CHPD and Prosecutor Segerbarth as party defendants.

[2] Dr. Reid filed an earlier Motion for Restraining Order [Dkt. #3] on December 16, 2010. Because the facts were dependent on his original pleading, which has now been superceded, the Court will only address the second Motion for Restraining Order on the merits.

in Dr. Reid's amended pleading, as it supersedes the original pleading. *See* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1476 (2d ed. 1990). Facts not incorporated into the amended pleading are considered *functus officio*. *Nisbet v. Van Tuyl*, 224 F.2d 66, 71 (7th Cir.1955) ("An amended pleading ordinarily supersedes the prior pleading. The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes *functus officio*."); *see Tollen v. Ashcroft*, 377 F.3d 879, 882 n. 2 (8th Cir.2004) (collecting cases). The Sixth Circuit has indicated that the "better rule" is against taking judicial notice of a superseded pleading. *Shell v. Parrish*, 448 F.2d 528, 530 (6th Cir.1971).

*Relevant Facts*

Dr. Reid was walking at the intersection of North Taylor Road and Greyton Road in Cleveland Heights at 3:45 a.m. on December 13, 2010. He claims Officer Hood was operating his police cruiser when he shined a light on him as he arrived at Greyton. Dr. Reid then proceeded to walk down Greyton Road when Officer Hood exited his vehicle and stated to him: "Hey you, get over here." (Am. Compl. at 1.) Dr. Reid complied with the request, but complained that the temperature was below zero that night, with high winds blowing drifts of snow. When Officer Hood asked where he was going, Dr. Reid replied he was on his way to work.[3] When Officer Hood requested identification, Dr. Reid explained it was in his wallet, but his "hands are frozen." Dr. Reid then asked to leave, to which Officer Hood replied, "No." At that point, Dr. Reid "turned to pull his emergency kit out of the street." (Am. Compl. at 2.) Officer Hood kicked the kit three times, which prompted Dr. Reid to ask, "What's wrong with you, I am going to work. Let me go

---

[3] Dr. Reid states he is "employed as a practicing engineer, Horticultural therapist, and of [sic] Holistic Medicine." (Mot. at 1.) He does not disclose by whom he is employed.

to work." When Officer Hood asked where Dr. Reid was employed, he again asked if he could leave and Officer Hood stated he could not.

When Dr. Reid started to walk away, Officer Hood swept his feet behind Dr. Reid causing him to hit the ground and bruise his knees. He alleges Officer Hood then jumped on his back, hand cuffed him and struck him on the back of his head causing his face to hit the ground. The impact of hitting the ground caused a "hemorrhage to the lower lip," which immediately starting bleeding. While Dr. Reid was handcuffed Officer Hood allegedly hit him again in the head. A Cleveland Heights investigator assisted in the arrest, while a booking officer secured Dr. Reid's "emergency kit."

A pre-trial hearing was held on December 21, 2010 in the Cleveland Heights Municipal Court. Dr. Reid filed a "Notice of Appearance." The "defendants" provided Dr. Reid with a copy of Officer Hood's sworn statement of the facts. When he asked Prosecutor Segerbarth to "exchange discovery," she allegedly refused and "[i]nstead made discovery available to City of Cleveland Heights Attorney who is on record for this case." (Am. Compl. at 3.)

*Preliminary Injunction/Temporary Restraining Order*

The Sixth Circuit has explained that "the purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir.1996). The standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo. *Motor Vehicle Board of California v. Orrin W. Fox, et al.*, 434 U.S. 1345, 1347 n. 2 (1977). If the balance of equities so heavily favors the moving party that justice requires the court to intervene to

secure the positions until the merits of the action are ultimately determined, then there is cause to preserve the status quo. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

A court considers four factors in determining whether to grant injunctive relief: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir.2004). A court need not make specific findings on each factor, if fewer factors dispose of the issue. *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 399 (6th Cir.1997). "[An injunction] is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotations and citations omitted). In balancing the four considerations applicable to TRO decisions, the court finds equitable relief is not warranted.

a.  Likelihood of Success

   i.  **Improper defendants**

As a threshold matter, the Court cannot issue orders against individuals who are not parties to the suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (holding that it was error for the lower court to enforce an order against a nonparty without having determined, in a proceeding to which the nonparty was a party, that the nonparty acted in concert with the defendants and received actual notice of the order by personal service or otherwise). While this Court exercised its discretion to allow Dr. Reid to amend his complaint to include Prosecutor Segerbarth and the CHPD, these defendants are not proper parties in this action.

Prosecutors were traditionally immune from suits at common law, and the Supreme Court extended this common law immunity in 1976 to actions brought under 42 U.S.C. § 1983. *See Imbler v. Patchman*, 424 U.S. 409, 424-427 (1976). The court explained the necessity of this immunity by noting that if the prosecutor were not immune from suit, "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising his independence of judgment required by his public trust." *Id*. at 422-23. Absolute prosecutorial immunity is available only for those activities "intimately associated with the judicial phase of the criminal process." *Id*. at 430. Thus, prosecutors are absolutely immune in § 1983 actions only in "initiating a prosecution and in presenting the State's case." *Id.* at 430. Attorney Segerbarth is absolutely immune from suit based on Dr. Reid's allegations. *See Ireland v. Tunis*, 113 F.3d 1435 (6th Cir.1997)(absolute immunity encompasses those "administrative or investigative acts necessary for a prosecutor to initiate or maintain the criminal prosecution.")

A municipal police department is not *sui juris* and thus cannot act on its own behalf. Actions against such entities are construed as brought against the municipality itself, because a judgment against a municipal police department imposes liability on the municipality. *Renz v. Willard Police Department*, 2010 WL 3789563, *2 (N.D.Ohio 2010) ( *see, e.g., Harris v. Sutton*, 183 Ohio App.3d 616, 918 N.E.2d 181 (2009)). Municipalities may be held liable under Section 1983 when the injury inflicted is a result of "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir.2005) ( citing *Monell v. Department of Social Services*, 436 U.S. 658 (1978)). A municipality cannot be held liable solely because it

5

employs a tortfeasor-or, in other words, a municipality cannot be held liable under Section 1983 on a respondeat superior theory. *Id.* ( citing *Monell*, 98 S.Ct. at 2036). There must be a direct causal link between the policy and the alleged constitutional violation to the extent that the municipality's deliberate conduct can be deemed the moving force behind the violation. *Id.* ( citing *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir.2004) (internal citations omitted)).

Dr. Reid has not alleged any facts that support a finding of a constitutional violation arising from an affirmative act by the CHPD or from a policy or custom endorsed by the City of Cleveland Heights. Accordingly, defendants CHPD and Segerbarth are dismissed from this suit as improper parties.

### ii. **No Title VII Claim**

Title VII of the Civil Rights Act makes it unlawful for an employer, employment agency or labor union "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *see* §2000e-2(b)&(c). There is no allegation Dr. Reid was employed by Officer Hood. Without alleging facts to support a claim of discrimination by an employer, employment agency or labor union, Dr. Reid cannot pursue his Title VII claim in this action.

### iii. **Civil Rights Violations - Officer Hood**

With regard to the likelihood of success of the underlying petition, Dr. Reid has not set forth a compelling argument. He claims, without decisional authority, to be entitled to a district court order "against . . . Officer Hood . . . because plaintiff Dr. Tobias R. Reid, PhD, is and has

been employed as a practicing engineer, Horticultural therapist, and of [sic] Holistic Medicine." (Mot. at 1.) Relying on this as factual support, the Court finds it is impossible for Dr. Reid to make any of the necessary findings required under *Chabad*. This is because his Motion for a Restraining Order does not include allegations that Officer Hood is currently harassing or intimidating him. The requested relief sought in any request for a preliminary injunction must bear some relationship to the type of harm that is alleged in that action. If the Court were to grant the relief requested it would not, in any respect, remedy his claim that Officer Hood used excessive physical force against him on or around December 13, 2010, in Cleveland Heights.

Dr. Reid's allegations are devoid of circumstances giving rise to a constitutional violation. The facts alleged in Dr. Reid's motion for a restraining order clearly do not give rise to a claim for relief under the Constitution. Thus, it is not necessary to address the remaining elements of Dr. Reid's Motion. *See Six Clinics*., 119 F.3d at 399.

*Conclusion*

Based on the foregoing, Dr. Reid's Motion for Restraining Order [Dkt.#3] is DISMISSED AS MOOT, the Motion for Preliminary Injunction/Temporary Restraining Order [Doc. #6] is DENIED and his Motion to Proceed *In Forma Pauperis* is GRANTED. The court retains jurisdiction of this matter for further proceedings.

IT IS SO ORDERED.


Dated: January 26, 2011                           *s/     James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE